## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL COX,** | : | **No. 4:22cv1824** |
| | : | |
| **Plaintiff** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **BERNDATTE MASON, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Michael Cox ("Cox"), an inmate housed at the State Correctional Institution, Mahanoy, in Frackville, Pennsylvania ("SCI-Mahanoy") commenced this civil rights action pursuant to 42 U.S.C. § 1983, in the Court of Common Pleas of Berks County, Pennsylvania on August 24, 2022. (Doc. 1-3). Shortly thereafter, defendants removed the action to the United States District Court for the Eastern District of Pennsylvania. (Doc. 1). Defendants subsequently moved to transfer venue to this court because the events at issue arose at the SCI-Mahanoy, which is located within the territorial boundaries of the Middle District of Pennsylvania. (Docs. 3, 5).

The matter is proceeding via an amended complaint. (Doc. 37). Among the named defendants are Superintendent Bernadette Mason and Health Care

Administrator Pam Smith (together, the "Commonwealth defendants").[1]

Presently before the Court is the Commonwealth defendants' motion (Doc. 38) to

dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons

that follow, the court will grant the motion.

## I.   **Factual Background & Procedural History**

Cox alleges that his medical ailments began on January 4, 2021, when he

experienced numbness in his hands and feet.  (Doc. 37, at 6-7).  He signed up

for sick call and was treated by Physician Assistant ("PA") Jenna Williams.  (Id.).

During the January 4, 2021 visit, Cox allegedly informed PA Williams that his

situation was serious, and he requested a Magnetic Resonance Imaging ("MRI")

test.  (Id.)  After this visit, Cox asserts that he was treated weekly by medical

staff.  (Id. at 6).

Cox alleges that the medical department failed to provide treatment and he

became disabled.  (Id.)  He asserts that PA Williams deliberately withheld

medical treatment because she thought he was lying about his symptoms.  (Id. at

6, 8).  He further alleges that when he needed a walker or wheelchair, the

---

[1] Also named as defendants are Wellpath, LLC, Correct Care Solutions, LLC, Dr. Loscalzo, Dr. Baddick, and Jenna Williams, Certified Physician Assistant (collectively, the "medical defendants").  The medical defendants filed a Rule 12(b)(6) motion (Doc. 39) to dismiss.  The court will address the medical defendants' motion by separate memorandum and order.

medical department "told [him] [he] had to move to another block, instead of finding out what was wrong with [him]."  (Id. at 6).

Cox alleges that PA Williams denied him adequate medical care in violation of the Eighth Amendment and that the "medical Department" violated the Americans with Disabilities Act ("ADA") by informing him he cannot remain on the same housing block with a wheelchair.  (Id. at 8).

The Commonwealth defendants move to dismiss the amended complaint on the following grounds: (1) Cox failed to allege their personal involvement; (2) Cox failed to state a plausible Eighth Amendment claim; and (3) Cox failed to state a plausible claim under the ADA.  (Doc. 38).  The motion is fully briefed and ripe for resolution.[2]

## II.   **Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light

---

[2] Cox's brief in opposition to the Commonwealth defendants' motion to dismiss contains factual allegations that are not expressly set forth in the amended complaint.  (See Doc. 51).  The court may not consider such allegations because a complaint cannot be amended by way of an opposition brief.  See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir.

2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although

the court is generally limited in its review to the facts contained in the complaint,

it "may also consider matters of public record, orders, exhibits attached to the

complaint and items appearing in the record of the case." Oshiver v. Levin,

Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In

re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the

defendant notice of what the...claim is and the grounds upon which it rests."

Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the

complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-

step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir.

2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff

must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675

(2009)). Next, the factual and legal elements of a claim should be separated;

well-pleaded facts must be accepted as true, while mere legal conclusions may

be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11

(3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the

court must determine whether they are sufficient to show a "plausible claim for

relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## III.  **Discussion**

### A.  **Lack of Personal Involvement**

Individual liability will be imposed under § 1983 only if the state actor played an "affirmative part" in the alleged misconduct. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)). Liability "cannot be predicated solely on the operation of respondeat superior." Id. In other words, defendants in § 1983 civil rights actions "must have personal involvement in the alleged wrongs...shown through allegations of personal direction or of actual knowledge and acquiescence." Atkinson v. Taylor, 316 F.3d 257, 271 (3d Cir. 2003); Rode, 845 F.2d at 1207-08. Acquiescence requires both contemporaneous knowledge of the alleged wrongdoing and direct supervisory authority over the subordinate actor. Atkinson, 316 F.3d at 271; Rode, 845 F.2d at 1207-08. Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. Evancho,

423 F.3d at 354; Rode, 845 F.2d at 1207-08.  When a plaintiff merely hypothesizes that an individual defendant may have had knowledge of or personal involvement in the deprivation of his or her rights, individual liability will not follow.  Atkinson, 316 F.3d at 271; Rode, 845 F.2d at 1207-08.

Cox failed to allege the personal involvement of the Commonwealth defendants.  Although he named Bernadette Mason and Pam Smith as defendants, there are no factual averments relating to these defendants in the body of the amended complaint.  Cox does not include any specific allegations of wrongdoing that would establish personal involvement by either Commonwealth defendant in the purported violations.  This style of pleading is patently inadequate since it fails to allege facts that give rise to a plausible claim for relief against the Commonwealth defendants.  In order to state a § 1983 claim, Cox was required to specify each defendant's personal involvement in the alleged constitutional misconduct.  He failed to do so.

Moreover, to the extent that Cox attempts to hold defendants Mason and Smith liable based on their supervisory roles, this claim also fails.  It is well-established that officials may not be held liable for unconstitutional conduct of their subordinates under a theory of *respondeat superior*.  See Rode, 845 F.2d at 1207.  Insofar as Cox's claims against the Commonwealth defendants rely on a *respondeat superior* theory of liability, they are entitled to dismissal on this

6

ground.  Accordingly, the court will dismiss the claims against the

Commonwealth defendants for lack of personal involvement.  See Hudson v. City

of McKeesport, 244 F. App'x 519 (3d Cir. 2007) (nonprecedential) (affirming

dismissal of defendant who was only named in caption of case).

### B.    Eighth Amendment Claim

In order to establish an Eighth Amendment medical claim, a plaintiff "must

show (i) a serious medical need, and (ii) acts or omissions by prison officials that

indicate deliberate indifference to that need." Natale v. Camden Cnty. Corr.

Facility, 318 F.3d 575, 582 (3d Cir. 2003) (citing Rouse v. Plantier, 182 F.3d 192,

197 (3d Cir. 1999)).  A serious medical need is "one that has been diagnosed by

a physician as requiring treatment or one that is so obvious that a lay person

would recognize the necessity for a doctor's attention." Monmouth Cnty. Corr.

Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).  In addition, "if

unnecessary and wanton infliction of pain results as a consequence of denial or

delay in the provision of adequate medical care, the medical need is of the

serious nature contemplated by the eighth amendment." Id. (citation omitted).

A prison official acts with deliberate indifference to an inmate's serious

medical needs when he "knows of and disregards an excessive risk to inmate

health or safety; the official must both be aware of facts from which the inference

could be drawn that a substantial risk of serious harm exists, and he must also

7

draw the inference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).  A mere difference of opinion between the prison's medical staff and the inmate regarding the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment.  <u>See</u> <u>Farmer v. Carlson</u>, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988).  Moreover, "[i]f a prisoner is under the care of medical experts…a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." <u>Spruill v. Gillis</u>, 372 F.3d 218, 236 (3d Cir. 2004).  Accordingly, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official…will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." <u>Id.</u>

In the amended complaint, Cox alleges that medical staff at SCI-Mahanoy provided inadequate medical care.  (Doc. 37).  Cox asserts that he presented to the medical department on several occasions, but medical staff failed to properly treat his ailments.  (<u>Id.</u>)  It is clear that Cox has failed to state a claim against the Commonwealth defendants.  By Cox's own averments, the Commonwealth defendants are not medical providers and have not treated him.  Because the Commonwealth defendants are not medical personnel, they cannot be considered deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the

8

prison doctor." Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1991). Moreover, Cox does not plead facts from which a plausible inference could be drawn that the Commonwealth defendants had "reason to believe (or actual knowledge) that prison doctors or their assistants [were] mistreating (or not treating) [him]." Spruill, 372 F.3d at 236. The court will grant the Commonwealth defendants' motion to dismiss the Eighth Amendment inadequate medical care claim.

### C.    Claim under the ADA

Cox fares no better with respect to his claim that defendants violated the ADA. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132(1). Individual defendants, however, are not public entities within the meaning of Title II of the ADA and, therefore, are not subject to suit. Emerson v. Thiel Coll., 296 F.3d 184, 189 (3d Cir. 2002) (individuals are not subject to liability under "Titles I or II of the ADA, which prohibit discrimination by employers and public entities respectively."); Kokinda v. Pennsylvania Dep't of Corr., 779 F. App'x 938, 942 (3d Cir. 2019) (nonprecedential) (concluding that plaintiff's "claims for individual damages liability under Title II of the ADA fail for the simple reason that there is

9

no such liability") (citations omitted).  Thus, Cox cannot maintain his ADA claim against the Commonwealth defendants in their individual capacities.

To the extent Cox is suing the Commonwealth defendants in their official capacities, the claim is viable as the Supreme Court has held that Title II of the ADA validly abrogates sovereign immunity as to state conduct that violates the Constitution.  United States v. Georgia, 546 U.S. 151, 159 (2006); see also Durham v. Kelley, 82 F.4th 217, 224 (3d Cir. 2023) ("state officers *can* be sued for damages in their official capacities for purposes of the ADA…unless barred by the Eleventh Amendment") (emphasis in original).

In order to determine whether a plaintiff may sue a State for damages under Title II, courts must "(1) identify which aspects of the State's alleged conduct violated Title II; (2) identify to what extent such conduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, determine whether Congress' purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid."  Bowers v. NCAA, 475 F.3d 524, 553 (3d Cir. 2007). Pursuant to this standard, Cox must initially state a valid claim under Title II of the ADA, and to do this he must demonstrate that: (1) he is a qualified individual; (2) with a disability; and (3) he was denied the opportunity to participate in or benefit from the services, programs, or activities of a public entity, or was

10

otherwise subject to discrimination by that entity; (4) by reason of his disability.

Bowers, 475 F.3d at 553 n.32; 42 U.S.C. § 12132.

Based upon a careful review of the amended complaint, the court finds that there are no specific allegations that Cox is being denied access to any benefits, programs, or activities due to any disability.  Cox does not elaborate or detail what disability services or programs he has been denied.  Nor does he allege any facts that demonstrate that the alleged inadequate medical care he received was because of a disability.  See e.g., Iseley v. Beard, 200 F. App'x 137, 142 (3d Cir. 2006) (finding that Iseley had not claimed that he was excluded from any program on the basis of his disability but rather alleged "that he was denied medical treatment for his disabilities, which is not encompassed by the ADA's prohibitions") (citing Bryant v. Madigan, 84 F.3d 246, 248 (7th Cir.1996)).  The court will dismiss Cox's ADA claim against the Commonwealth defendants in their official capacities.

## IV.   **Leave to Amend**

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the court must grant Cox leave to amend his complaint unless amendment would be inequitable or futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  The above claims against the Commonwealth defendants are factually and legally flawed; thus, the court concludes that

granting Cox leave to file a second amended complaint would be both futile and inequitable.  See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew, 944 F.3d 478, 483 (3d Cir. 2019) (where an inmate plaintiff "has already had two chances to tell his story…giving him further leave to amend would be futile.")

## V.   Conclusion

Based on the foregoing, the court will grant the Commonwealth defendants' motion (Doc. 38) to dismiss.  A separate Order shall issue.

Date: July 12, 2024

**JUDGE JULIA K. MUNLEY**
**United States District Court**